# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

FILED
JAN 7 2013
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Jeffrey W. Zopf )
                )
        Plaintiff )
                )
    vs.         )    Case No. 13-1211
                )
                )    (The case number will be assigned by the clerk)

John Doe ) Warden Menard Correctional Center
John Doe ) Lt Menard Correctional Center
John Doe ) Lt Menard Correctional Center
John Doe ) Sgt Menard Correctional Center
John Doe ) Sgt Menard Correctional Center
Jane Doe ) Sgt Menard Correctional Center
John Doe ) Officer Menard Correctional Center,
Jane Doe ) Officer Menard Correctional Center
                )
        Defendant(s) )

(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).

## COMPLAINT*

Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often

---

*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.

CAPTION

Defendants

1. Jane Doe (3-11) Nurse
2. Jane Doe (3-11) Nurse
3. Jane Doe (11-7) Nurse
4. Jane Doe (11-7) Nurse
5. John Doe Officer (7-3)
6. Jane Doe Officer (7-3)
7. John Doe Officer (7-3)
8. Jane Doe Officer (7-3)
9. John Doe Officer (11-7)
10. John Doe Officer (3-11)
11. Jane Doe Officer (3-11)
12. Jane Doe Officer (7-3)
13. Jane Doe Nurse (11-7)
14. Jane Doe Nurse (7-3)
15. Jane Doe Nurse (11-7)
16. Jane Doe Nurse (7-3)

brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.

☒ 42 U.S.C. §1983 (state, county or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐ Other federal law: _____

☐ Unknown _____

## I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: Jeffrey W. Zoph

Prison Identification Number: A-87673

Current address: Lawrence Correctional Center, 10930 Lawrence Rd, Sumner, IL 62466

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: John Doe

2

Current Job Title: WARDEN

Current Work Address: Menard Correctional Center

**Defendant #2:**

Full Name: John Doe Lt

Current Job Title: 11-7 Lt Menard correctional officer

Current Work Address: Menard Correctional Center

**Defendant #3:**

Full Name: John Doe Lt

Current Job Title: 11-7 Lt Menard correctional officer

Current Work Address: Menard Correctional Center

**Defendant #4:**

Full Name: John Doe Sgt

Current Job Title: Sgt (7-3) shift

Current Work Address: Menard Correctional Center

**Defendant #5:**

Full Name: Jane Doe Sgt

Current Job Title: Sgt (7-3) shift

Current Work Address: Menard Correctional Center

B(1) Defendants

(6) John Doe Sgt
    ~~7-3~~ (11-7) Sgt Menard Correctional
    Menard Correctional Center

(7) ~~Nurse~~ Jane Doe
    (11-7) Nurse
    Menard Correctional Center

(8) Jane Doe
    (11-7) Nurse
    Menard Correctional Center

(9) Jane Doe
    (3-11) Nurse
    Menard Correctional Center

(10) Jane Doe
    (3-11) Nurse
    Menard Correctional Center

(11) John Doe
    Officer (7-3)
    Menard Correctional Center

(12) Jane Doe
    Officer (7-3)
    Menard Correctional Center

(13) John Doe
    Officer (3-11)
    Menard Correctional Center

B (2) Defendants

(14) John Doe (ect) (7-3 shift between Aug 7, 2012 to August 31, 2012)
Correctional officers
Menard Correctional Center

(15) John Doe (ect (11-7 shift between Aug 7, 2012 to Aug 31, 2012
Correctional officers
Menard Correctional Center)

(16) John Doe (ect) (3-11 shift between Aug 7, 2012 to Aug 31, 2012)
Correctional officers)
Menard Correctional Center

(17) Jane Doe (ect) (7-3 shift between Aug 7, 2012 to Aug 31, 2012
Correctional officers
Menard Correctional Center

(18) Jane Doe (ect) 11-7 shift nurses between Aug 7, 2012 to Aug 31, 2012
Nurse (insulin times)
Menard Correctional Center

(19) Jane Doe (ect) 7-3 shift nurses between August 7, 2012 to Aug 31, 2012
Nurse (insulin times)
Menard Correctional Center

*For additional defendants, provide the information in the same format as above on a separate page.*

## III. LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or appeal in forma pauperis in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?      Yes ☐      No ☒

If yes, please describe _____

_____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐      No ☒

C. If your answer to B is yes, how many? _____ Describe the lawsuit(s) below.

   1. Name of Case, Court and Docket Number _____

   2. Basic claim made _____

   3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) _____

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint*

4

*and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution?   Yes ☒   No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

   Yes ☒   No ☐

If your answer is no, explain why not _____

_____

C. Is the grievance process completed?   Yes ☒   No ☐

## V. STATEMENT OF CLAIM

Place(s) of the occurrence   Menard Correctional Center

Date(s) of the occurrence   Aug 7, 2012 to Aug 31, 2012

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

*THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

On August 7, 2012 I was taken to Menard Correctional Center to gate #1 where the Sgts took my glasses and wheelchair, stating my wheelchair belonged to

5

(R&C sgt 7-11 shift)

the state now. Another Sgt came had me place in another wheelchair where I was taken to B of I and R&C for intake and medical screening. I was told that wheelchairs, canes and crutches were not allowed in men and that I would be transferred immediately that day. A couple of hours later the Sgt came and took me to third floor infirmary where I was transferred to a bed and left without a wheelchair. The next day this Sgt came back and I was taken in a wheelchair to a ADA cell in R&C told I would be transferred that weekend. My meals and insulin had to be brought in to me. The Sgt told me to get to the toliet to use a storage Box (1'x2') that was on the floor between the bed and toliet and do the best that I could. This went on for three weeks. I ask for grievance and told they didn't have any. I was not given a shower for over two weeks. I complained to Sgts and Lts two different (11-7 shift) and nurses different (11-7) (7-3) to no avail. Lts made comments on how the room stunk and I told them I hadn't gotten a shower or clean clothes. They just shook their heads. One female Sgt on 7-3 shift refused to let officers or trustees bring my food to me so a trustee had to place my tray on a dirty straw broom and pass it through the check hole while she watched from control.

6

He told me that she was watching him. Another day while she wouldn't let them bring it in my sugar level dropped due to being a diabetic and the trustee had to throw peanut butter packages to me. The female Sgt told officers and trustees that if I could get to the toilet to "shit" I could get my food if I wanted it bad enough. Finally she came to the door and I explain the difference in distance and that the box would not scoot so I could not reach the door or panic button. She told me if I wanted it bad enough I would get it. She left and my food sat in the chuckhole for two hours before she let someone bring it to me.

I told officers on all three shifts of my not getting a shower or clean clothes. On the third week trustee Miller came up with a shower chair and got the officer to let him take me to the shower. The 7-3 sgt told me "he couldn't understand why they wouldn't let me have my chair when the guy who was there before me had his in the cell." He was trying to get me transferred.

My cell was only cleaned once in three weeks my room and clothes as well as myself stunk.

7

I contracted a Ringworm that Nurse Hardy (NP) at Lawrence Medical told me probably came from my dirty conditions as this is a fungus infection. I have fought this for three months.

Upon my transfer from Menard the sgt from R&C (7-11 shift) found my wheelchair in the infirmary where they planned to keep it as they never gave me a receipt for my chair or glass. Also the sgt at gate one stated upon seeing me in the transport van that "I see you got lucky and got your chair back afterall."

The ADA van that I was transported in was unsafe as the guards didn't know how to hook up the chair straps.

Menard staff does not know how to handle ADA inmates.

## RELIEF REQUESTED

*(State what relief you want from the court.)*

1.2 million Dollars for pain, suffering, mental cruelty, humiliation, cruel & unusual punishment
Violation of ADA (Americans with Disability Act)
Deliberate indifference to the disabilities

**JURY DEMAND**   Yes ☒   No ☐

Signed this __3rd__ day of __January__, 20__13__.

_Jeffrey W Zoph_
*(Signature of Plaintiff)*

10

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| Jeffrey W. Zopf | A-87673 |
| Address: Lawrence Correctional Center 10930 Lawrence Rd. Sumner, IL 62466 | Telephone Number: |

Exhibit A

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

7AL22

Offender: __Zoph__ , __Jeffrey__  __A87673__
         Last Name    First Name      MI    ID#

Facility: __Law__

☒ Grievance: Facility Grievance # (if applicable) _____ Dated: _____ or ☐ Correspondence: Dated: _____
   Received: __10/22/12__  Regarding: __Staff Conduct, pp - glasses__
            Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**
- ☐ Provide a copy of your written Committed Person's Grievance, DOC 0046 including the counselor's response if applicable).
- ☐ Provide a copy of the Committed Person's Grievance Report, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal.
- ☐ Provide date(s) of disciplinary report(s) and facility where incident(s) occurred.
- ☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board
  Office of Inmate Issues
  1301 Concordia Court
  Springfield, IL  62794-9277

**Misdirected:**
- ☐ Contact your correctional counselor regarding this issue.
- ☐ Request restoration of Good Conduct Credits (GCC) to Adjustment Committee. If request is denied by the facility, utilize the inmate grievance process outlined in Department Rule 504 for further consideration.
- ☐ Contact the Record Office with your request or to provide additional information.
- ☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.
- ☐ Address concerns to: Illinois Prisoner Review Board
  319 E. Madison St., Suite A
  Springfield, IL  62706

**No further redress:**
- ☐ Award of Meritorious Good Time (MGT) and Statutory Meritorious Good Time (SMGT) are administrative decisions; therefore, the issue will not be addressed further.
- ☒ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.
- ☐ This office previously addressed this issue on ___/___/___.
                                                  Date
- ☐ No justification provided for additional consideration.

Other (specify): __Incident date was 8/7/12. You only have 60 days to file a grievance.__

Completed by: __Sarah Johnson__        __Sarah Johnson__        __10/26/12__
              Print Name                 Signature                 Date

Distribution: Offender; Inmate Issues

DOC 0070 (10/200

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| | | |
|---|---|---|
| Date: 10-3-12 | Offender: (Please Print) Jeffrey W. Zoph | ID#: A-87673 |
| Present Facility: Lawrence | Facility where grievance issue occurred: Menard | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify): _____

- [ ] Disciplinary Report: ___/___/___ Date of Report _____ Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** Upon arrival at Menard on Aug 7 2012, my wheelchair was taken a Gate #1 along with my glasses. I was place in one of their chairs taken to B of I then to infirmary where I was placed in a cell on a bed and left with no wheelchair. The next day I was moved to R&C placed on a bed and the wheelchair was taken. I was forced to use a storage box to get from the bed to the toilet. All my food and insulin shots had to be brought into my cell. At 2130 in the morning a Lt had to be called to escort the nurse in to give me insulin. I complained to each that I had not gotten a shower in two weeks or clean clothes or laundry done. I complain to day shift as well. One Sgt told trustees and officers that if

**Relief Requested:** Sgt & Lt as well as staff reprimanded, reschooled on how to treat ADA inmates. Proper procedure on dealing with ADA inmates revised.

- [ ] Check **only** if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Jeffrey W. Zoph _____ A-87673 _____ 10/3/12
Offender's Signature _____ ID# _____ Date

(Continue on reverse side if necessary)

---

**Counselor's Response** (if applicable)

Date Received: 10/4/12

- [ ] Send directly to Grievance Officer
- [x] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277.

Response: _____

OCT 22 2012

Print Counselor's Name _____ Counselor's Signature _____ Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___ Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____ Chief Administrative Officer's Signature _____ Date

Distribution: Master File; Offender _____ Page 1 _____ DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

if I could get to the toilet I could get to the door to get food. I waited two hours before they finally brought my food to me. This happened two days in a row in which officer and trustee told Sgt that I was wheelchair bound, and did not have my wheelchair.

Upon my transfer to Lawrence the shift Sgt found my wheelchair in the infirmary where Menard planned on depriving me of my property. I still never recieved any paperwork on my glasses and suffer headaches from this.

Upon leaving the Sgt at gate #1 made the comment that "I see you got your wheelchair back after all" and laughed.

Jeffrey Zoph
R-87673
Lawrence Correctional Center
10930 Lawrence RD
Sumner, IL. 62466

LEGAL MAIL

PRINTED

Office of the Clerk
Central District of IL
100 NE Monroe St Suite 309
Peoria IL. 61602

LEGAL MAIL

UNITED STATES POSTAGE
$01.50
02 1M
0008003013 JAN 04 2013
MAILED FROM ZIPCODE 62466