IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JEFFREY W. ZOPH, # A-87673,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 13-cv-30-GPM |
| | ) |
| **JOHN DOE MENARD WARDEN,** | ) |
| **JOHN/JANE DOE LIEUTENANTS,** | ) |
| **SERGEANTS, OFFICERS,** | ) |
| **and NURSES,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, based on events that occurred while he was confined at Menard Correctional Center ("Menard"). Plaintiff is serving five and three year sentences for possession of controlled substances. Plaintiff claims that Defendants subjected him to unconstitutional conditions of confinement, which also violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Plaintiff depends on a wheelchair for his mobility, and needs insulin and a proper diet to manage his diabetes.

Specifically, Plaintiff claims that he was placed in Menard from August 7 to August 31, 2012. When he arrived, a John Doe Sergeant took his glasses and wheelchair (Doc. 1, p. 8). He was placed in a different wheelchair to transport him to intake, but was told that Menard did not allow inmates to have wheelchairs, canes, or crutches, and he would be transferred again that day (Doc. 1, p. 9). Instead, Plaintiff was taken to a bed in the infirmary, where he spent the night. The following day, he was taken in a wheelchair to an ADA cell, where he was left without the

wheelchair. A John Doe Sergeant told Plaintiff to use a storage box in the cell to get himself to the toilet, apparently by bracing himself on the box to move between the bed and toilet. Without a wheelchair, he was unable to move around the cell and could not reach the door, food slot, or the panic button. Plaintiff spent three weeks in this cell, and was not given a shower or clean clothes for over two weeks. A trustee finally located a shower chair and obtained permission to take Plaintiff to the shower (Doc. 1, p. 10). A John Doe Sergeant then told Plaintiff he couldn't understand why he was not allowed to have his wheelchair, when the last inmate in the cell had been allowed to have his chair. As a result of the unsanitary conditions, he contracted a ringworm infection and suffered from it for three months (Doc. 1, p. 11).

Plaintiff depended on prison staff to bring his food and insulin to him in the cell. One Jane Doe Sergeant on the 7:00-3:00 shift refused on several occasions to allow officers or trustees to bring Plaintiff his food tray. Instead, the tray was left in the food slot in the cell door, out of Plaintiff's reach, because the Jane Doe Sergeant told him he could reach it if he "wanted it bad enough" (Doc. 1, p. 10). On one of these dates, Plaintiff's blood sugar level dropped because of the lack of food, and the trustee had to throw packages of peanut butter to him. Another time, his food sat in the chuckhole for two hours until the Jane Doe Sergeant finally allowed a trustee to bring Plaintiff the tray.

Plaintiff requested grievance forms, but was told the officers did not have any (Doc. 1, p. 9). He verbally complained about these conditions to John Doe Sergeants, Lieutenants, and Nurses without results, even when these officers commented about the bad smell in his room. Plaintiff does not have the proper names for any of the Defendants in this action. He identifies twenty-four separate John or Jane Doe Defendants, describing them by job title and work shift (Doc. 1, pp. 4-6).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of

the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated colorable Eighth and Fourteenth Amendment claims for deprivation of food, mobility, and sanitation against the John Doe Defendants (Count 1). Additionally, he states a claim for housing him in conditions that violated the ADA, against the John Doe Warden, the John Doe Sergeant who placed Plaintiff in the cell without his wheelchair, and any John/Jane Doe Defendants who refused to accommodate his disability-related needs (Count 2).

**Pending Motion**

Plaintiff's motion for appointment of counsel (Doc. 4) shall be referred to United States Magistrate Wilkerson for consideration. Plaintiff **SHALL SUPPLEMENT** his motion with any responses he may receive to his letters seeking attorney representation.

**Disposition**

Although Plaintiff has not identified the Menard Warden by name, the Court is mindful of the challenges faced by Plaintiff in identifying John Doe Defendants given that he was in Menard for only a few weeks and is no longer incarcerated there. Further, Menard prison staff should be able to deliver a service packet to the current Warden without difficulty. Service shall therefore be ordered on the John Doe Defendant Warden of Menard. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996) ("Depending on the particular circumstances of the case, the court may assist the plaintiff by providing counsel for the limited purpose of amending the complaint; by ordering the named defendants to disclose the identities of unnamed officials involved; by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible; by dismissing the complaint without prejudice and providing a list of defects in the complaint; by ordering service on all officers who were on duty during the incident in question; or by some other means.").

The Clerk of Court shall prepare for Defendant **WARDEN OF MENARD**

**CORRECTIONAL CENTER (JOHN DOE)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the remaining Unknown (John Doe) Defendants until such time as Plaintiff has identified these Unknown Defendants by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint, under his true name, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge**

**Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: February 7, 2013

s/
G. PATRICK MURPHY
United States District Judge