IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY W. ZOPH )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>JOHN DOE, JANE DOE, WARDEN )<br>MICHAEL P. ATCHISON, et al., )<br>)<br>    Defendants. ) | Case No. 3:13-cv-30-MJR-DGW |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

    This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment on the Issue of Exhaustion filed by Defendant Michael P. Atchison (Doc. 33) be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

    Plaintiff currently is incarcerated at the Lawrence Correctional Center ("Lawrence CC"). The claims in the Complaint arise from his period of incarceration at the Menard Correctional Center ("Menard CC") from August 7, 2012 to August 31, 2012. According to the Complaint, when Plaintiff arrived at Menard CC, an unknown correctional officer at the gate confiscated his personal wheelchair and eyeglasses. He was then taken to the infirmary where he spent the

night. The next day, he was placed in a cell that complies with the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, but the wheelchair used to take him to the cell was taken away. He alleges that he was left in his cell without a wheelchair and without his glasses. He was instructed to use a storage box to access the toilet and alleges that he was unable to reach the door or the food slot. During the three weeks in the cell, he only was able/allowed to shower one time, he was not allowed a wheelchair, and he could not reach his food trays.

As a result of these conditions, he was not able to eat in a timely manner (his food would sometimes sit for 2 hours before an officer would hand it to him) causing his blood sugar levels to drop (he is a diabetic). He also alleges that he developed a ringworm infection from the unsanitary conditions which he suffered from for three months.

Plaintiff filed a Complaint on January 7, 2013 naming 24 John and Jane Doe Defendants. In a February 7, 2013 screening Order (Doc. 12), Plaintiff was allowed to proceed on an Eighth Amendment claim for deprivation of food, mobility, and sanitation against the John Doe Defendants (Count 1) and a claim that his conditions of confinement violated the ADA against Warden Atchison, the John Doe Sergeant who placed him in his cell without a wheelchair, and any other John/Jane Doe correctional officer/nurses who failed to accommodate his disability. The only Defendant who has been served in this action is Warden Michael P. Atchison. Warden Atchison now has filed a Motion for Summary Judgment alleging that Plaintiff failed to exhaust his administrative remedies.

It is undisputed that on October 3, 2012, Plaintiff penned a grievance in which he complained that:

> 1. His wheelchair and glasses were taken away on August 7, 2012 by a Menard guard

    2. He was left in his cell without a wheelchair.
    3. All of his food and insulin had to be brought to him inside his cell.
    4. He did not get a shower or clean clothes or laundry for two weeks.
    5. He sometimes had to wait 2 hours to get his food because he couldn't reach the food slot.

For relief he requested staff to be reprimanded and instructed on how to treat ADA inmates and that ADA procedures be revised.

    The grievance (which was submitted at Lawrence CC) was received by the counselor on October 4, 2012 and then submitted to the Administrative Review Board ("ARB") which received it on October 22, 2012. It is unclear from the record whether Plaintiff mailed the grievance to the ARB or whether it was forwarded by his counselor. The ARB initially rejected the grievance as untimely on October 26, 2012. However, after this lawsuit was filed, it appears that the ARB took a second look at his grievance. On April 5, 2013, the ARB issued a response to the merits of the grievance and stated that because his claims could not be substantiated, no action would be taken.

    Defendant Atchison argues that because the grievance did not "name or reasonably describe" the Warden, it is insufficient. Plaintiff's response does not address this particular argument. On January 10, 2013, a hearing was held on the Motion for Summary Judgment pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Sarah Johnson, the Chairperson of the ARB during the relevant time period, testified along with the Plaintiff. Ms. Johnson testified that the only grievance received by the ARB is the one dated October 4, 2012 and received on October 22, 2012. She further testified that she is unaware why the ARB elected to reconsider his grievance in April, 2013. Plaintiff testified that when he was at Menard CC, he attempted to acquire grievance forms form various Correctional Officers, including Sergeant Yates and

Officer Kline. However, no forms were provided to him. He further indicated that during his stay at Menard no counselor visited him and he did not recall every asking to see a counselor. Finally, Plaintiff stated that he was unfamiliar with the grievance process and didn't know that he should have submitted his grievance directly to the ARB and not to his counselor at Lawrence CC. This Court finds Plaintiff credible in his statement that he attempted to acquire grievance forms at Menard CC but that they were never provided.

## CONCLUSIONS OF LAW

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen*

*v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

> The Prison Litigation Reform Act ("PLRA") provides:
>
> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Id.* 544 F.3d at 742. If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter. *Id.*

When Plaintiff filed his grievance, he was incarcerated at Lawrence CC. As such, he was required to submit his grievance directly to the ARB. ILL. ADMIN. CODE TIT. 20, § 504.870(a)(4). The ARB then submits a "written report of its findings and recommendations" to the Director who then shall make a final determination within 6 months of receipt of the grievance. *Id.* § 540.850

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

Plaintiff testified that he tried to acquire grievance forms from various correctional officers at Menard CC and that such forms were never provided. He testified that when he asked for forms from Sergeant Yates, he was told that he (Yates) would check into it. Sergeant Yates never, however, provided the forms. Plaintiff further testified that Correctional Officer Kline stated that no such forms were available for Plaintiff. Finally, no counselor visited Plaintiff

while he was at Menard CC. This Court concludes, then, that the grievance process was unavailable to Plaintiff while at Menard CC.

When Plaintiff did submit a grievance at Lawrence CC, it was initially rejected as untimely. The Illinois Administrative Code provides that a grievance "shall be filed within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." *Id.* § 504.810. Plaintiff filed the grievance on October 3, 2012, within 60 days of August 7, 2012 (when his wheelchair and glasses were confiscated). Notwithstanding the ARB's initial conclusion, the grievance was timely even though it was received after the 60 day window. After Plaintiff received the initial ARB rejection, he filed suit. It was not until after suit was filed that the ARB elected to consider the merits of Plaintiff's grievance. Defendant's argument, then, that Plaintiff failed to exhaust because he did not wait until the April 5, 2013 response is without merit. Plaintiff received an initial response from the ARB on October 26, 2012 that his claim was untimely and that "this issue will not be addressed further." He properly filed suit thereafter.

In his grievance, Plaintiff did not identify a correctional officer or nurse by name. Illinois regulations, which govern the exhaustion requirement, provide that:

> The grievance shall contain factual detail regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible." *Id.* §504.801(b).

The failure to actually name a particular Defendant is therefore not fatal to Plaintiff's claims. One of the purposes of the exhaustion is to allow "a prison to address complaints about the program it administers before being subjected to suit . . . ." *Jones v. Bock*, 549 U.S. 199, 218

(2007). Moreover:

> Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense. *Maddox v. Love*, 655 F.3d 709, 721-722 (7th Cir. 2011).

Plaintiff complained about Menard CC's failure to comply with the ADA and sought to have correctional officers properly trained on how to deal with an inmate with ADA needs. Such statements are sufficient to place the Warden on notice of the claim; and, Plaintiff's request for corrective action could only be provided by the Warden who is the chief administrative officer at the prison. The grievance placed Warden Atchison on notice that various administrative procedures regarding special needs inmates were either non-existent or where not being enforced In addition, the ARB addressed Plaintiff's claims on the merits and did not reject the grievance because he failed to name any particular correctional officer or employee. While the ARB addressed the claims against particular correctional officers, it also identified various procedures (i.e. showers are provided once a week and an ADA shower chair is available) that were in place and presumably could have been followed. By addressing the merits of the grievance, Defendant cannot now contend that a procedural defect, the alleged untimeliness or the failure to actually name a defendant, should lead to a finding that Plaintiff failed to exhaust his administrative remedies.[1] *See e.g. Riccardo v. Rausch*, 375 F.3d 521, 523-524 (7th Cir. 2004).

---

[1] This Court would also add that from the e-mail correspondence between the ARB and the prison, it appears that the ARB only elected to respond to the merits of Plaintiff's claims *because* he had filed a lawsuit (Doc. 34-1, p. 8, e-mail dated April 3, 2013 12:42 PM). Such a decision could not have been anticipated by Plaintiff and certainly would not require him to delay filing suit.

### RECOMMENDATIONS

For the reasons set forth above, it is **RECOMMENDED** that the Motion for Summary Judgment on the Issue of Exhaustion filed by Defendant Michael P. Atchison (Doc. 33) be **DENIED**, that the Court find that Plaintiff exhausted his administrative remedies as to Defendant Atchison, and that the Court adopts the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: January 13, 2014**

           **DONALD G. WILKERSON**
           **United States Magistrate Judge**