`IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY W. ZOPH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-30-MJR-DGW |
| ) | |
| JOHN DOES 1-10, JANE DOES 1-13, and ) | |
| MICHAEL P. ATCHISON, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Sanctions filed by Plaintiff, Jeffrey W. Zoph, on February 6, 2014 (Doc. 64) and the Motion for Extension of Time filed by Plaintiff on February 20, 2014 (Doc. 65). The Motion for Sanctions is **DENIED** and the Motion for Extension of Time is **GRANTED**.

A brief history of this matter will be beneficial. Plaintiff filed his Complaint on January 7, 2013 in the United States District Court for the Central District of Illinois (Doc. 1). Plaintiff named a total of 24 John and Jane Doe Defendants. The complaint was transferred to the District Court for the Southern District of Illinois because Plaintiff complained of events that occurred at the Menard Correctional Center, a facility located in this judicial district. On February 7, 2013 (Doc. 12), District Judge G. Patrick Murphy directed service of the summons and compliant upon the Warden of Menard CC. Judge Murphy also stated that:

> Service shall not be made on the remaining Unknown (John Doe) Defendants until such time as Plaintiff has identified these Unknown Defendants by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals (Doc. 12, p. 4).

Warden Michael P. Atchison filed an Answer to the Complaint on April 10, 2013 asserting the affirmative defense of failure to exhaust. A hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), was held on January 10, 2014 and Defendant's Motion was denied on February 4, 2014.

In the meantime, this Court and Defendant Atchison endeavored to assist Plaintiff in determining the names of the John and Jane Doe Defendants. On October 10, 2014, Plaintiff provided brief descriptions of the unknown Defendants and the Court, on October 23, 2013, directed Defendants to determine the names of the persons by November 22, 2013 (Doc. 47). Defendant sought more time, until December 5, 2013, to provide the names (Doc. 49). On December 5, 2013, Defendant provided a list of 6 individuals who could correspond to 6 John and Jane Doe Defendants (Doc. 53). Defendant also provided attendance rosters in order to assist Plaintiff in identifying individual Defendants. This Court directed Defendant to supplement the information provided, during the *Pavey* hearing and in a subsequent Order, by January 27, 2014 (Doc. 60). Plaintiff was nonetheless directed to provide any additional information (to Defendant Atchison) regarding the unnamed Defendants and he was reminded that it was his obligation to provide the names of Defendants for service of process.

Plaintiff filed a Motion for Sanctions stating that Defendant Atchison failed to provide supplemental information by the January 27, 2014 deadline although Defendant did provide the promised attendance rosters. In response, Defendant Atchison indicates that he identified James A. Kloth as the "Sergeant who was at the 'Receiving Gate'" and that he has provided Plaintiff with his medical records (in order to determine the John/Jane Doe medical personnel).

This Court finds that Defendant has made a diligent effort to determine the names of the

John and Jane Doe Defendants and that he has provided sufficient information to Plaintiff to determine the names of the persons whom Plaintiff seeks to sue.  The burden of identifying unknown Defendants has always been and remains upon Plaintiff.  This matter has now been pending for over a year and Plaintiff has had a sufficient amount of time to discern the names of the Defendants he wants to sue.   Plaintiff is accordingly **ORDERED** to file a Motion to Amend the Complaint with a proposed amended complaint that would provide the actual names of the John and Jane Doe Defendants by **March 28, 2014.**

Plaintiff is **WARNED** that the failure to substitute John and Jane Doe Defendants with actual names in a timely submitted and filed amended complaint **SHALL** result in a Report and Recommendation that those unnamed Defendants be dismissed.

**IT IS SO ORDERED.**

**DATED: March 10, 2014**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**