IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY W. ZOPH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-CV-30-NJR-DGW |
| | ) |
| WARDEN MICHAEL P. ATCHISON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, Jeffrey W. Zoph, currently incarcerated at Lawrenceville Correctional Center, brings this *pro se* action under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights, the Americans with Disabilities Act, and the Rehabilitation Act during the time that he was confined at Menard Correctional Center ("Menard"). Plaintiff wears glasses, is confined to a wheelchair, and needs insulin and a proper diet to manage his diabetes. He was housed at Menard from August 7-31, 2012. According to Plaintiff, when he arrived at Menard, prison officials confiscated his wheelchair and glasses, and he was without them for the entire duration of his time there. Without his wheelchair, he was unable to move around his cell. Transferring from his bed to the toilet was extremely difficult and painful. He could not reach the chuckhole to get his food tray or to put his laundry out for collection. He was unable to get to the showers;

in fact, he took only one shower the entire time he was at Menard. As a result, Plaintiff suffered from headaches and back pain, and he contracted ringworm.

Plaintiff originally named 24 unknown correctional officers, sergeants, lieutenants, and nurses as John and Jane Doe Defendants (Doc. 1). Through various motions, orders, and discovery (*see* Docs. 43, 47, 49, 50, 53, 60, 65, 69, 72, 75, and 76), Plaintiff was provided with sufficient information to discern the identity of the relevant individuals. Over a year and a half after the original complaint was filed, Plaintiff finally submitted an amended complaint in which the John and Jane Doe Defendants are replaced with named individuals (Doc. 72, 76).

The amended complaint is now before the Court for a preliminary review of pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the amended complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## **THE AMENDED COMPLAINT**

In his amended complaint, Plaintiff names 14 individuals, all employees at Menard, as Defendants: (1) Sergeant James A. Kloth; (2) Correctional Officer Scott W. Carter; (3) Correctional Officer Scott; (4) Sergeant Dale Yates; (5) Correctional Officer Daniel G. Klein; (6) Correctional Officer Cole Young; (7) Sergeant Bryant P. Davis;

(8) Officer Bernard R. Yokom[1]; (9) Lieutenant Tommy J. Lawless; (10) Lieutenant Ray J. Rieckenberg; (11) Correctional Officer Heather Hood; (12) Sergeant Amy Jetton; (13) Nurse M. Child; and (14) Nurse Chadderton.

Plaintiff alleges that Sergeant Kloth ordered Officer Carter to confiscate Plaintiff's glasses and wheelchair upon his arrival at Menard on August 7, 2012. On August 8, 2012, Officer Scott transported Plaintiff in a wheelchair to an "ADA cell," but left him in the cell without the wheelchair. Sergeant Yates was at the door when Officer Scott left Plaintiff in the cell, and he later commented that he was unsure why Plaintiff was not allowed his wheelchair.

From August 8 to August 31, Officer Klein and Sergeant Jetton, either personally or through inmate "porters," failed to provide Plaintiff with access to food. They would place the food trays, or order them to be placed, in the chuckhole that was inaccessible to Plaintiff instead of taking the tray into the cell itself. On one of these dates, Plaintiff's blood sugar level dropped because of the lack of food, and the inmate porter threw packages of peanut butter to him. Another time, his food sat in the chuckhole for two hours until the Sergeant Jetton finally allowed a porter to take the tray into the cell.

Officer Klein and Officer Hood were responsible for collecting the inmates' laundry each week. Since Plaintiff could not reach the chuckhole, he was unable to put his laundry out. Plaintiff would call out for help when they were near his cell, but they

---

[1] Defendant Yokom is named in the body of the amended complaint and not in the section devoted to "Defendants."

slammed the chuckhole shut and walked away.

Officer Young was in charge of shower days. He told Plaintiff that there was no way to get him to the showers without his wheelchair. On one occasion, an inmate worker brought a shower chair to Plaintiff's cell and pushed him to the shower and back. That was the only shower Plaintiff took during the 25 days he was confined at Menard.

Plaintiff further alleges that Sergeant Davis, Officer Yokom, Lieutenant Lawless, and Lieutenant Rieckenberg came to his cell at various times to unlock the cell door so a nurse could administer Plaintiff's insulin. Each Defendant commented on the bad smell in Plaintiff's cell, and Plaintiff explained that he was not getting showers and his laundry was not being done. Plaintiff also requested grievance forms from each Defendant. However, no one did anything about Plaintiff's complaints; they simply told him that he would have to talk to someone on the "day shift."

When Lieutenant Rieckenberg and Nurse Chadderton came to Plaintiff's cell to administer his insulin, he complained that he was suffering from headaches without his glasses and back pain without his wheelchair due to the physical strain of trying to access the toilet. Nurse Chadderton gave him nothing for the pain and told him "to see someone on the day shift." Similarly, when Lieutenant Lawless and Nurse Child came to Plaintiff's cell and he complained about his headaches, Nurse Child told him she "would leave a note for day shift and that it wasn't her problem."

As a result of these conditions, Plaintiff states that he suffered back pain, aggravation of previous injuries, headaches, and a ringworm infection. Plaintiff prays

for compensatory and punitive damages.

## DISCUSSION

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable federal claims:

1. ADA and the Rehabilitation Act claim against Warden Atchison for housing him in inappropriate conditions and refusing to accommodate his disability-related needs (**Count 1**);

2. Eighth Amendment claim for conditions of confinement against Sergeant Kloth, Officer Carter, Officer Scott, Sergeant Yates, Officer Klein, Officer Young, Sergeant Davis, Officer Yokom, Lieutenant Lawless, Lieutenant Rieckenberg, Officer Hood, Sergeant Jetton, Nurse Chadderton, and Nurse Child for deprivation of food, adequate access to sanitation, and personal hygiene **(Count 2)**.

3. Eighth Amendment claim for deliberate indifference to serious medical needs against Sergeant Kloth, Officer Carter, Officer Scott, Sergeant Yates, Officer Klein, Officer Young, Sergeant Davis, Officer Yokom, Lieutenant Lawless, Lieutenant Rieckenberg, Officer Hood, Sergeant Jetton, Nurse Chadderton, and Nurse Child for ignoring Plaintiff's medical needs with respect to his wheelchair **(Count 3)**.

4. Eighth Amendment claim for deliberate indifference to serious medical needs against Sergeant Kloth, Officer Carter, Lieutenant Rieckenberg, Lieutenant Lawless, Nurse Chadderton, and Nurse Child for ignoring Plaintiff's medical needs with respect to his glasses **(Count 4)**.

**Count 1 – Violation of the ADA and the Rehabilitation Act**

The complaint states a viable claim under the ADA, 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. §§ 794–94e. The ADA provides that "no qualified individual with a disability shall, because of that disability . . . be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination

by any such entity." 42 U.S.C. § 12132 (2006). The Rehabilitation Act also prohibits discrimination against qualified individuals based on a physical or mental disability. *See* 29 U.S.C. §§ 794–94e. Discrimination under both includes the failure to accommodate a disability. Based on the allegations in the complaint, Plaintiff shall be allowed to proceed with Count 1.

It is worth noting that this claim can proceed only against Warden Atchison in his official capacity because the other named Defendants are not "amenable to suit under the Rehabilitation Act or the ADA" in their individual capacities. *Jaros v. Ill. Dep't. of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012) (citing 29 U.S.C. § 794(b) and 42 U.S.C. § 12131).

**Count 2 – Eighth Amendment Conditions of Confinement**

To plead an Eighth Amendment claim for unconstitutional conditions of confinement, an inmate need only allege that prison officials knowingly denied him "the minimal civilized measure of life's necessities." *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) ("Jail officials violate the Eighth Amendment if they are deliberately indifferent to adverse conditions that deny 'the minimal civilized measure of life's necessities.'" (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994))). "Adequate food and facilities to wash and use the toilet are among the 'minimal civilized measure of life's necessities,' that must be afforded prisoners." *Jaros*, 684 F.3d at 670 (citing *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)).

Here, Plaintiff alleges that without his wheelchair he was deprived of meaningful access to the toilet, the shower, clean linen and clothes, and his food tray. It should

have been quite obvious to Sergeant Kloth, Officer Carter, Officer Scott, and Sergeant Yates that Plaintiff would be subjected to these conditions if he was left without a wheelchair, yet they allegedly left him without it anyway.  Furthermore, Defendant Klein, Sergeant Jetton, Officer Hood, Defendant Young, Sergeant Davis, Officer Yokom, Lieutenant Lawless, and Lieutenant Rieckenberg were aware of the conditions of Plaintiff's confinement but did nothing to correct them.  Therefore, based on the allegations in the complaint, Plaintiff shall be allowed to proceed with Count 2.

**Counts 3 and 4 - Eighth Amendment Deliberate Indifference to Medical Needs.**

To plead an Eighth Amendment claim, an inmate need only allege that prison officials responded with deliberate indifference to the inmate's serious medical needs. *Wetzel v. Sheahan*, 210 F.3d 377 (7th Cir. 2000) (citing *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)).  That is, he must allege that he is suffering from an objectively, sufficiently serious medical condition, and that the prison officials knew of and disregarded an excessive risk to his health or safety.  *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001).

Here, Plaintiff alleges that he had a spinal injury that left him wheelchair bound, and all Defendants knew he used a wheelchair.  Nevertheless, Sergeant Kloth and Officer Carter confiscated his wheelchair; Officer Scott and Sergeant Yates left him in his cell without a wheelchair; and Officer Klein, Officer Young, Sergeant Davis, Officer Yokom, Lieutenant Lawless, Lieutenant Rieckenberg, Officer Hood, Sergeant Jetton, Nurse Chadderton, and Nurse Child took no action to provide him with a wheelchair.

Therefore, it is not unreasonable to infer that each Defendant was deliberately indifferent to Plaintiff's serious medical needs with respect to his wheelchair.

As for Plaintiff's vision impairment, accepting his allegations as true and drawing all reasonable inferences in his favor, Plaintiff has sufficiently pled that this is a serious medical need. *See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) (explaining that a serious medical condition is one that a reasonable doctor or layperson would find necessitates treatment, one that significantly affects daily activities, or one that causes chronic and substantial pain). He has also sufficiently pled that Sergeant Kloth and Officer Carter were deliberately indifferent to his vision impairment when they confiscated his glasses. Furthermore, Lieutenant Rieckenberg, Lieutenant Lawless, Nurse Chadderton, and Nurse Child were deliberately indifferent because they knew that Plaintiff was suffering adverse effects to his health without his glasses, yet they did nothing to help him obtain a pair of glasses or relieve the pain he was experiencing without them. Accordingly, based on the allegations in the complaint, Plaintiff shall be allowed to proceed with Count 3 and 4.

**Claims that Must Be Dismissed**

Plaintiff's allegations regarding the denial of grievance forms do not support a constitutional claim. Plaintiff alleges that he asked Defendants Davis, Yokom, Rieckenberg, and Lawless for grievance forms, and they either told him to ask the "day shift" or refused to provide him with the forms. Despite Defendants' actions, Plaintiff was ultimately still able to file at least two grievances and to bring this lawsuit.

Plaintiff's invocation of the judicial process in this case demonstrates that Defendants did not infringe on his First Amendment right to petition the government for a redress of his grievances or his Fourteenth Amendment due process rights. *See Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996). *See also Grieveson v. Anderson,* 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith,* 507 F.3d 605, 609 (7th Cir. 2007). Accordingly, to the extent Plaintiff alleged either of these claims against Defendants Davis, Yokom, Rieckenberg, and Lawless, the claims must be dismissed with prejudice.

## DISPOSITION

**IT IS HEREBY ORDERED** that Counts 1, 2, 3, and 4 shall **PROCEED** as delineated above.

The Clerk of Court shall prepare for Defendants **SERGEANT JAMES A. KLOTH, CORRECTIONAL OFFICER SCOTT W. CARTER, CORRECTIONAL OFFICER SCOTT, SERGEANT DALE YATES; CORRECTIONAL OFFICER DANIEL G. KLEIN; CORRECTIONAL OFFICER COLE YOUNG; SERGEANT BRYANT P. DAVIS; OFFICER BERNARD R. YOKOM; LIEUTENANT TOMMY J. LAWLESS; LIEUTENANT RAY J. RIECKENBERG; CORRECTIONAL OFFICER HEATHER HOOD; SERGEANT AMY JETTON; NURSE M. CHILD; AND NURSE CHADDERTON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the amended complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, under his true name, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Finally, Plaintiff is again **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.   See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** September 2, 2014

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**