IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEFFREY W. ZOPH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-30-NJR-DGW |
| | ) | |
| WARDEN MICHAEL P. ATCHISON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Recruitment of Counsel (entitled "Motion for Discovery) filed by Plaintiff, Jeffrey W. Zoph, on May 11, 2015. The Motion is **GRANTED**; however, Plaintiff must proceed in this matter *pro se*.

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education,

skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

In considering Plaintiff's Motion, the Court finds that Plaintiff may not be able to litigate this matter by himself. Plaintiff currently is incarcerated at Lawrence Correctional Center and the events giving rise to the Complaint occurred at the Menard Correctional Center. In addition, Plaintiff is suing a number of Defendants and it will be difficult to manage discovery as to these Defendants. Accordingly, on June 22, 2015, this Court contacted over 200 attorneys in an effort to recruit counsel to represent Plaintiff, *pro bono*. As of the date of this Order, no attorney has agreed to represent Plaintiff. This Court is without authority to simply appoint an involuntary attorney to represent Plaintiff. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (noting that the district court asks lawyers to represent indigent litigants "on a volunteer basis."); *See also* 28 U.S. C. § 1915(e)(1) ("The Court may request an attorney to represent any person unable to afford counsel."). Therefore, while the Motion for Recruitment of Counsel is **GRANTED** and this Court has made an effort to recruit counsel for Plaintiff, no attorney has volunteered to represent Plaintiff. Plaintiff must proceed in this matter *pro se*.

**IT IS SO ORDERED.**

**DATED: July 8, 2015**

                **DONALD G. WILKERSON**
                **United States Magistrate Judge**